IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **Martin L. Cohen** | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| **David M. Cohen &** | : | |
| **Janet L. Kaplan** | : | NO.: 25-cv-1438 |

**MEMORANDUM**

I.    **Introduction**

    This is supposed to be the easy part. The Federal and Pennsylvania Rules of Civil Procedure, with striking clarity, spell out exactly how original service of process may occur. This clarity is so unmistakable that even *pro se* litigants routinely perform this threshold ministerial task successfully and without incident. That should be doubly true as to a *pro se* plaintiff who, like Plaintiff Martin Cohen ("Plaintiff") here, is an attorney in good standing as a member of the New York Bar. And yet this Court, for the third time in just more than a month, is compelled to write and explain to this member of the Bar why his attempts at service are facially improper. For the reasons discussed below, Plaintiff's purported "Motion to Accept Service of Process" (the "Motion" at Dkt. #15) is denied.

    As an initial matter, the Motion appears to be inappropriately named. Acceptance of service is an action completed by the party who is accepting service, not the Court. The notice of acceptance of service is executed by the served party and then filed by the party who completed the service. Fed.R.Civ.P. 4(d). Here, there is no indication that either defendant has accepted service. For that reason, the Motion is misnamed. Notwithstanding the Motion's misnomer, this Court will treat the Motion for what it actually is, which is effectively an updated affidavit of

service with legal argument in support thereof. This Court still finds that service is lacking on both defendants.

II.  Analysis

    a.  Attempted Service by FedEx

Plaintiff attempted to serve Defendant, Janet Kaplan, a Pennsylvania resident via Federal Express. Plaintiff argues that because Ms. Kaplan works several days a week in New York, the Pennsylvania Rule for Service Outside the Commonwealth (and therefore the Pennsylvania Rule for Service by Mail) may apply to her. This may well be true, though Plaintiff has cited no cases in support of that proposition. But that can only be true to the extent the service is completed "outside the Commonwealth." Pa. R.Civ.P. 404(2) ("Original process shall be served **outside the Commonwealth**… by mail in the manner provided by Rule 403. . . .") (emphasis added).

Here, there is no dispute that the FedEx delivery to Ms. Kaplan was made to an address in Newtown, Pennsylvania. (Motion at Ex. C). For that reason, discovery was not completed "outside the Commonwealth" and therefore is not within the auspices of Rule 402.[1] Service by mail could only conceivably be completed upon Ms. Kaplan if completed by mail which is delivered and signed for by Ms. Kaplan or her agent **outside the Commonwealth.**

As to David Cohen, Plaintiff still has not shown adequate proof of service by mail. When Pennsylvania law permits service by mail, the law requires a receipt "signed by the defendant or his authorized agent." Pa.R.Civ.P. 403. The proof of delivery for service upon David Cohen shows a signature by a "B. Cohen." The Motion makes no representations as to who B. Cohen is, and whether B. Cohen would qualify as David Cohen's agent. For that reason, the proof of service is inadequate, and this Court finds there has not been proper service upon David Cohen.

---

[1] This Court, therefore, need not address Plaintiff's argument that a Pennsylvania resident can be served by mail if service by mail is completed outside the Commonwealth.

    b. **Attempted Service in Person**

Plaintiff next claims that service was effectuated by personal service when he drove to the campus where Ms. Kaplan and Mr. David Cohen both work and paid a student named Alex McLaughlin to hand deliver service to the College Receiving Department. Plaintiff encountered Mr. McLaughlin in the parking lot and offered him $20 to serve the summons. Mr. McLaughlin allegedly filled out and signed the form for David Cohen before even serving it. Mr. McLaughlin allegedly became anxious while filling out Ms. Kaplan's form and said he would finish the form after service.

Plaintiff did not accompany Mr. McLaughlin to serve the documents, but later reports having seen some college employees holding the packets. Mr. McLaughlin allegedly demanded another $20 to finish the form. When Plaintiff hesitated, for fear of being duped out of another $20, Mr. McLaughlin refused to finish Ms. Kaplan's form. Plaintiff attests that he saw the delivery made and saw "college employees" holding the service packets.

As to this purported service in person, this Court finds service is still plainly inadequate. Plaintiff's own affidavit admits that the Proof of Service upon David Cohen was filled out and signed before service was completed (Ex. D at ¶ 3 ("So he began to fill out the PROOF OF SERVICE for David Cohen which he also signed… [h]e seemed anxious to make delivery. . . .")). For that reason, it is unacceptable, and arguably fraudulent. The Proof of Service as to Ms. Kaplan is not signed, and therefore also not acceptable.

Further, when service in person is not personally made on the defendant themselves, but rather at their office, it must be made upon "the person for the time being in charge" of the defendant's office or usual place of business. Pa. R.Civ.P. 402(a)(2)(iii). This is not a low bar. *See Grand Ent. Grp., Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 486 (3d Cir. 1993) ("[W]e hold that

the 'person for the time being in charge' of any office or usual place of business of the defendants for purposes of Pennsylvania Rule of Civil Procedure 402 must either be an individual with some direct connection to the party to be served or one whom the process server determines to be authorized, on the basis of her representation of authority, as evidenced by the affidavit of service."). This Court finds no alleged facts in the affidavit which suggest these unnamed and unspecified college employees meet this standard. For that reason, even if the Proofs of Service were fully completed and non-fraudulent, the Court would still find them inadequate.

### c. Attempted Service by Regular Mail

As to service by regular mail, this Court has already *explicitly* instructed Plaintiff that such service is only proper if Plaintiff first attempts service by mail requiring signature, and then receives notification that such service was returned with notation by the postal authorities that the defendant refused to accept the mail. (Dkt. #14, *citing* Pa.R.Civ.P. 403(1)). Plaintiff apparently found this Court's explicit and clear explanation of an explicit and clear rule confusing, as Plaintiff references "additional service… by ordinary mail[]" despite no such notation on any attempted delivery. (Motion at ¶ 7). That "additional service" is without legal effect.

### d. Attempted Service Upon Counsel

Finally, Plaintiff asserts that service was completed upon the defendant's "designated agent[s]" when sent by email to counsel for defendants in other matters. (Motion at ¶ 8). This argument has been rejected by Pennsylvania courts and federal courts interpreting Pennsylvania law. *U.K. LaSalle, Inc. v. Lawless*, 618 A.2d 447, 450 (Pa. Super. 1992) ("A lawyer has no authority to accept service of process on behalf of his client in a suit other than that for which he was employed."); *Jasin v. Kozlowski*, No. 1:04-CV-2188, 2010 WL 11549766, at *2 (M.D. Pa. July 14, 2010). For that reason, there can be no service by way of service upon counsel in other

litigation.

### III.     Conclusion

At this stage of the litigation, the Court is not typically involved in judging the validity of service. Usually, a plaintiff will complete what they believe is proper service, and the issue will come before the Court if either a defendant challenges service or a plaintiff seeks default judgment. In an (apparently misguided) attempt to preserve judicial resources and allow this case to be decided on the merits, this Court *ex ante* attempted to give Plaintiff gentle hint that his initial attempt at original service of process was facially deficient in order to help move this case forward. (Dkt. #9).

This has resulted in two additional motions and has forced this Court to act two additional times. Plaintiff has now been thrice instructed on how to complete the most basic task that one faces in litigation. The onus is on him to complete it. To avoid needless additional filings, Plaintiff is now required to seek leave of Court before filing any further motions which specifically regard whether service has been properly completed. This is the last time this Court will opine on proper service until either: (1) the issue is brought before it by a defendant; (2) Plaintiff seeks a default; or (3) the Court issues an order to show cause regarding service. Plaintiff has the remainder of the period granted to him by rule to effectuate proper service.

DATED: May 9, 2025                                BY THE COURT:

                                                                                    _____
                                                                                    GAIL WEILHEIMER,          J.